## BENJAMIN BULLOCK *versus* ABIEL WILLIAMS *et al.*

Under the *St.* 1832, *c.* 157, § 1, [Revised Stat. *c.* 74, § 5,] which provides, " that no mortgage of personal property hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by the mortgagee, or unless the said mortgage be recorded in the office of the clerk of the city or town, where the mortgager shall reside," it was *held*, that a mortgage of personal property thus recorded, was valid against a creditor of the mortgager, although there was no actual or constructive delivery of the property mortgaged, it being so described as to be identified.

But if such property requires to be measured, weighed, counted off, or otherwise separated from other and larger parcels or quantities, these requisites are not to be considered as dispensed with, by registration. *Semble.*

THIS was trespass *de bonis asportatis*, for taking certain heavy articles of machinery, which had been attached by the plaintiff, a deputy sheriff, as the property of Josiah Snow, at the suit o Albert W. Snow.

The trial was before *Shaw C. J.*

It appeared that the machinery in question was placed by the plaintiff in the custody of a keeper, without being removed from its place in the manufactory ; that this was done with the consent of Josiah Snow ; and that whilst it was under the care of the keeper, it was taken by the defendants.

The defendants justified the taking, under two mortgages made by Josiah Snow prior to the attachment.

It appeared that one of these mortgages was executed by Josiah Snow, and registered by the town clerk of South-

bridge, where the mortgager resided, and then sent to the defendant, Williams, who was the mortgagee.

It was objected to the validity of this mortgage, that there was no actual delivery of the property.

In reference to this objection, it was ruled, that since the *St.* 1832, *c.* 157, the execution and registration of a mortgage deed of personal property, without actual delivery of the property, is sufficient to vest a special property in the mortgagee, and to give effect to the mortgage.

The jury returned a verdict for the defendants.

*Oct. 4th.*

*Merrick* and *Bottom*, for the plaintiff, to the point, that delivery was necessary to constitute a valid sale, as against every one but the vender, cited *Lanfear* v. *Sumner*, 17 Mass. R. 110.

*Child* and *Tufts*, for the defendants, to the point, that as between the parties, the property passed by the execution and delivery of the deed, cited *Gardner* v. *Howland*, 2 Pick. 599 ; *Butterfield* v. *Baker*, 5 Pick. 522 ; *Shumway* v. *Rutter*, 7 Pick. 56 ; and to the point, that the registration of the deed by the town clerk was equivalent to possession by the mortgagee, *Claiborne* v. *Hill*, 1 Wash. (Virginia) R. 277.

*Oct 7th.*

SHAW C. J. delivered the opinion of the Court. Of the several questions reserved at the trial, one only is now submitted for the consideration of the Court. This depends upon the construction of the late statute respecting mortgages of personal property. *St.* 1832, *c.* 157, § 1. The question is, whether the execution and registration of a mortgage of personal property, described and designated so as to be identified, made on good consideration, is valid to vest the property in the mortgagee, without an actual or constructive delivery of the goods. By the general rule of the common law, upon a transfer of goods, whether absolute or conditional, as against third persons, there must be a delivery, and in general also, the custody and possession of the goods must be retained by the vendee. It seems to have been the intent of this statute to enable the owners of personal property to make a valid transfer, by way of mortgage or conditional sale, to stand as a security, and of course available against third persons, as well as against the mortgagers and their heirs, and yet to enable

such mortgagers to have the possession and use of the goods until condition broken. For this purpose registration is required as giving equal and perhaps greater notoriety to the transaction, than delivery and retaining possession. And the Court are of opinion, that by the true construction of the statute, registration was deemed a substitute, as well for a delivery, as for retaining possession. Indeed there would seem to be little value in a mere formal or symbolical delivery, which may be in presence of a single witness, in a manner comparatively secret, when it is to be followed by no change of possession, to give actual notoriety to the transfer. The language of the statute is, that no mortgage of personal property shall be valid, against any other person than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by the mortgagee, or unless the said mortgage be recorded, &c. The plain implication is, that if possession is delivered to and retained by the mortgagee, or if the mortgage is recorded, pursuant to the directions of the statute, it shall be valid against other persons.

It is to be understood, that this opinion goes no further than to hold, that no formal, symbolical, or constructive delivery of the mortgaged property is necessary, where the execution, delivery, and registration of the instrument of conveyance are duly proved, and where good faith in the transaction, adequate consideration, and other requisites of a valid mortgage of personal property, are shown. It is also to be understood, that the articles mortgaged must be of such a nature and so situated, as to be capable of being specifically designated and identified by written description. If they require to be weighed, measured, counted off, or otherwise separated from other and larger parcels or quantities, such requisites are not to be considered as dispensed with by registration. In the present case, the property consisted of heavy articles of machinery, the designation and identity of which are not in question.

*Judgment on the verdict for the defendant*